IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| THOMAS HARRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 24-1067-STA-jay |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE ON SECTION 405(g) REVIEW OF THE COMMISSIONER'S FINAL DECISION**

On December 12, 2024, Magistrate Judge Jon A. York filed a report recommending that the Court deny the Commissioner's opposed motion to remand for additional administrative proceedings pursuant to sentence four of section 205(g), 42 U.S.C. § 405(g), reverse the final decision of the Commissioner, and award benefits to the claimant, Thomas Harrison. (ECF No. 16.) The Commissioner has filed objections to the report (ECF No. 19), and the claimant has filed a response to those objections. (ECF No. 20.)  For the reasons set forth below, the Court finds that the Report and Recommendation should be **ADOPTED** in its entirety because the Magistrate Judge properly evaluated the facts in the record and applied the applicable law.

If a party objects within the allotted time to a report and recommendation, as did the Commissioner, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Parties must file specific objections. "[T]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is

tantamount to a complete failure to object." *Cole v. Yukins*, 2001 WL 303507 *1 (6th Cir. March 19, 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).  Because a "general objection to the entirety of the magistrate's report has the same effects as would a failure to object," *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991), "vague, general, or conclusory objections" are waived, and the Court will consider only the portions of the report and recommendation to which specific objections are made.

Neither party has objected to the background of this matter as set out by the Magistrate Judge.  Therefore, the Court adopts the Magistrate Judge's description of the events leading up to this lawsuit.

> Plaintiff applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on November 5, 2018, alleging his disability began December 31, 2004.[1]  His claims were denied on March 19, 2019, and he requested reconsideration, which was denied on August 23, 2019. Plaintiff timely filed a request for hearing on October 2, 2019. A hearing was held June 16, 2020.  Plaintiff reports that at the hearing, the ALJ noted [a] previous decision [from June 19, 2012, denying benefits] but accepted Plaintiff's argument that he was not bound by the previous decision because of a 2017 change to the PTSD listing. The ALJ issued an unfavorable decision on June 26, 2020.
>
> Plaintiff timely filed an appeal to the Appeals Council, which affirmed the decision of the Administrative Law Judge on November 18, 2020. Plaintiff filed an action in this Court on December 14, 2020. On June 11, 2021, the Commissioner filed an unopposed motion for remand, stating that, "the ALJ should have obtained vocational expert testimony to determine the effect of the claimant's non-exertional limitations on the available base of unskilled work." The case was remanded, and a second hearing was held on May 9, 2022. However, the hearing failed to record. As a result, a third hearing occurred on August 9, 2022. In the decision, the ALJ found that Plaintiff was limited to less than sedentary work and "can adapt to occasional gradually introduced changes at work and can work with occasional contact with supervisors and co-workers, but cannot work with the general public." The ALJ issued an unfavorable decision on September 15, 2022. Plaintiff again filed an action in this Court on December 16, 2022. (No. 1:22-cv-1283). For a

---

[1] The record shows that the claimant suffers from longstanding PTSD and depression resulting, *inter alia*, from his military service during the Gulf War, a motorcycle wreck in which he witnessed a friend die, his mother's death, and his twin brother's suicide. (Mot. for J. Plds. p.4, ECF No 10 (record citations omitted)).

2

> second time the Commissioner filed an unopposed motion for remand. This Court entered a judgment on March 17, 2023, remanding the case to Social Security. This time, the Appeals Council did not remand the case for another ALJ hearing but assumed jurisdiction of the case under its own rules. The Appeals Council adopted the RFC [residual functional capacity] found by the ALJ in the 2022 decision. The Appeals Council sent a letter stating it planned to issue a decision that Plaintiff was not disabled prior to his date last insured, June 30, 2010. That letter was dated September 25, 2023. On February 8, 2024, the Appeals Council issued an unfavorable decision. Plaintiff filed the instant appeal on March 25, 2024. Now, for the third time, the Commissioner asks the Court to remand the case, arguing that "[r]emand would expedite administrative review, ensure that the Commissioner properly considers Plaintiff's claim, and may ultimately make judicial review unnecessary."

(Rep. & Rec. pp. 2-3 (record citations and footnote omitted.)

The Magistrate Judge found that, given the lengthy procedural history of this case (multiple hearings and three motions to remand), yet another remand due to repeated mistakes would constitute an unconscionable delay. *See Potrebic v. Berryhill*, 2019 WL 1397477 (N.D. Ind. Mar. 27, 2019) (citing *Seavey v. Barnhart*, 276 F.3d 1, 13 (1st Cir. 2011), stating that the Court may intervene when "the delay involved in repeated remands has been unconscionable"); *see also Yasmin V. v. O'Malley*, 735 F. Supp. 3d 118, 119 (D.R.I. 2024) (finding that the court should exercise its "equitable power to order benefits in cases where the entitlement is not totally clear, but the delay involved in repeated remands has become unconscionable." (citing *Seavey*).

> Rather than expediting administrative review as the Commissioner claims, a third remand would further extend the timeline of this already lengthy case. This judge is flummoxed as to why it would take three voluntary remands to ensure that Plaintiff's claim has been properly considered; the Commissioner has failed to meaningfully explain/excuse the specific errors and issues which would justify this unusual pattern continuing. Nor has the Commissioner adequately explained how "the necessity for remand was not apparent to counsel until Plaintiff filed his brief" when the Commissioner's request would constitute a third remand.

(Rep. & Rec. p. 3.)

The Magistrate Judge then considered the Commissioner's argument that an award of benefits was not appropriate in this case because several essential issues remain unresolved. The

3

Commissioner specifically argued that the issue of the alleged onset date had not been resolved. The Magistrate Judge rejected this argument as follows.

> Plaintiff notes in response that the Appeals Council specifically adopted the ALJ's findings under steps 1-4 in its February 8, 2024, decision. The ALJ noted Plaintiff's alleged onset date of December 31, 2004, and stated at steps 1, 2, 3, and with the RFC, that his findings were through Plaintiff's date last insured. The parties both acknowledge that benefits will only be paid up to a year prior to the most recent application. Plaintiff stipulated in his Response to an amendment of his onset date to his date last insured to allow for a remand limited to an award of benefits. The Commissioner did not file a Reply, and the Magistrate Judge believes this is something that the parties should have been able to work together to resolve, particularly here where the multiple remands and hearings have occurred and the Commissioner is asking for a third remand after Plaintiff's brief. The Magistrate Judge recommends adopting the date last insured as Plaintiff's onset date, resolving this issue.

(*Id.* at p. 4 (record citations omitted.))

Next, the Commissioner argued that remand was needed because Plaintiff must prove that his disability has continued from 2010 through the ALJ's decision on September 15, 2022. The Magistrate Judge pointed out that the Commissioner had cited no authority in support of his argument and that the Social Security Administration can use its process for continuing disability reviews should it find it necessary.[2] Accordingly, he found that the issue of continuing disability did not necessitate remand since this issue could be resolved administratively. (*Id.*)

Finally, the Commissioner claimed that the record must be further developed to determine whether the claimant's substance use disorder was a contributing factor material to the determination of the issue of disability. The record includes evidence that the claimant received inpatient treatment in 2007 and 2010 for his substance use disorder. However, the ALJ reasoned

---

[2] Congress has mandated that the Commissioner or state agency periodically review "any case where an individual is or has been determined to be under a disability ... for purposes of continuing eligibility" under 42 U.S.C. § 421(i)(1). That is, a claimant's medical impairments are reviewed to determine if he continues to have a disabling condition. If it is determined that he is no longer disabled, his benefits are terminated.

4

that, because he found the claimant not disabled, it was not necessary to assess whether the substance abuse disorder was material. The Magistrate Judge found the ALJ's failure to address the materiality of the claimant's substance abuse disorder was error and should have been corrected earlier in the proceedings.

> Social Security Ruling 13-2p provides that ALJs "must" provide sufficient information for a subsequent reviewer to understand his reasoning when "finding that the claimant would not be disabled at step 2, 4, or 5 of the sequential evaluation process in the absence of DAA [drug addiction and alcoholism]." The ruling goes on to say that "[a] single statement that DAA is or is not material to the determination of disability by an adjudicator is not sufficient." The ruling advises that "[a]t the ALJ and Appeals Council levels (when the Appeals Council makes a decision), the ALJ or Appeals Council determines whether DAA is material to the determination of disability." Here, the ALJ clearly erred. Given the remands that occurred since that time, when the ALJ or Appeals Council could have corrected the error, it would be unconscionable to allow the Commissioner to now use the ALJ's error as a reason to further delay this matter with a third remand.

(*Id.* at p. 5 (citations omitted.))[3]

The ALJ then looked at the evidence supporting a finding that the claimant is disabled and entitled to benefits.

> [T]he vocational witness testified that a person with Plaintiff's RFC [residual functional capacity], which accounted for problems interacting with others, would not be able to handle the interaction with supervisors and co-workings while learning a job. The ALJ and the Appeals Council both adopted the RFC, which the vocational witness testified would preclude work. Nevertheless, they reached the contradictory conclusion that Plaintiff was not disabled.

(*Id.*)

---

[3] The Commissioner has not objected to this finding by the Magistrate Judge, and, therefore, the issue is considered waived. *See Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991) (reiterating that the Court will consider only the portions of a report and recommendation to which specific objections are made.)

The Magistrate Judge relied on *Potrebic v. Berryhill*, 2019 WL 1397477 (N.D. Ind. March 27, 2019),[4] and *McLaughlin v. Comm'r of Soc. Sec.*,[5] 2019 WL 125761 (S.D. Ohio Jan. 8, 2019),[6] in finding that there was no ambiguity as to the vocational expert's testimony that would justify remand for further evaluation because, "[w]hen viewed holistically and in combination with the RFC determination, the VE's testimony in this case can support only one conclusion: that a hypothetical claimant with Plaintiff's limitations would be unable to perform any job in the national economy." (Rep. & Rec. pp. 7-8.) Thus, the Magistrate Judge recommended that "the Court find that an award of benefits is appropriate and remand the case to the SSA with instructions to calculate and award such benefits" in that "[t]here are no remaining factual issues to be decided in this case and the record evidence compels the conclusion that Plaintiff has been disabled since his stipulated onset date of his date last insured." (Rep. & Rec. pp. 7-8.)

---

[4] In *Potrebic*, the vocational expert ("VE") testified that there would be no jobs available to a person limited to superficial contact with supervisors if that limitation applied to the training period. 2019 WL 1397477, at *3. Despite this testimony, the ALJ found the claimant not to be disabled. The court reversed that decision as the VE had testified that the RFC would preclude all work. There was no issue of fact to be resolved on remand because the RFC precluded all work. *Id.* at *6. Furthermore, the continued delays caused by SSA's repeated mistakes warranted an award of benefits. The court, therefore, remanded the case with directions to grant the award of benefits. *Id.*

[5] In *McLaughlin*, the VE testified that the claimant, who was limited to occasional interactions with coworkers and supervisors and could not perform duties involving teamwork or shared tasks, could work as a mail clerk or a sorter. However, after acknowledging that those jobs "require some type of training or probationary period" that "would include instruction from either a supervisor or coworker" as well as "some degree of shared tasks, 2019 WL 12576, at * 3, (internal quotation marks and bracket omitted), he clarified that a claimant who "could not engage in teamwork or shared tasks" would "not be able to weather the probationary period of these unskilled jobs." *Id.* (internal quotation marks omitted). Despite this testimony, the ALJ determined that the claimant was not disabled on the ground that he could perform the mail clerk and sorter positions. On appeal, the court reversed and found that a person with the claimant's RFC would be unable to complete the probationary period and, thus, "could not perform jobs that exist in the national economy." Accordingly, the record adequately established the claimant's entitlement to benefits." *Id.*

[6] *Accord McAfee v. Comm'r of Soc. Sec.*, 2020 WL 5810004 (S.D. Ohio Sept. 30, 2020), and *Otto v. Saul*, 2021 WL 1115351, at *5 (S.D. Ohio Mar. 24, 2021).

It is well-established that an award of benefits is appropriate "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Hum. Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). The Commissioner contends that the following issues remain unresolved and must be decided on remand: the onset date of the claimant's disability and whether the claimant became disabled before his insured status expired and remained disabled through the date of the decision. The Commissioner disagrees with the Magistrate Judge that the vocational expert testified unambiguously that more than superficial and occasional contact with supervisors during a training or probationary period would exceed the claimant's RFC.

The Commissioner points to the following exchange during the hearing before the ALJ. The vocational expert was asked to identify jobs for a hypothetical individual who, among other limitations, could have "occasional contact with supervisors and coworkers at tasks not requiring close ongoing teamwork" (Obj. p. 3 citing Tr. 957, ECF No. 19.) The expert identified two jobs with short training periods up to thirty days that this individual could perform. The claimant's attorney then asked the expert, "Would you agree that during the training period the contact with supervisors would be more than superficial and occasional during that say first 30 to 90-day training period?" (*Id.* citing Tr. 960.) The expert answered, "Yes, it could be the first month — after the first month I would not think that there would need to be — if there was — if it was necessary to have ongoing training in these jobs then I don't think a person would be able to work out." (*Id.* at p. 4 citing Tr. 960.)

The Commissioner complains of the Magistrate Judge's finding that there was no ambiguity in the vocational expert's testimony but does not explain how this finding was in error. The Commissioner agrees that courts have found that the ability to complete a probationary period

7

is relevant to a claimant's disability status. (*Id.*). However, he argues that other courts have found that the appropriate remedy is remand to determine whether there are significant numbers of jobs in the national economy that the claimant can perform. *See*, *e.g.*, *Sczepanski v. Saul*, 946 F.3d 152, 158-59 (2nd Cir. 2020). According to the Commissioner,

> On remand, a factfinder would be able to determine whether Plaintiff — given the evidence at hand and what Plaintiff has already been determined to be capable of on a sustained basis — could complete a brief training period with increased interaction, particularly since the vocational expert indicated that the trainings period lasted only a month and suggested merely some level of interaction greater than occasional during this time.
>
> Or, if necessary, a factfinder could attempt to resolve conflicts between the RFC and the testimony about the jobs at issue.

(Obj. p. 5 (record and case citations omitted)).

The Commissioner has not explained why the issue of the necessity to resolve "conflicts between the RFC and the testimony about the jobs at issue" was not raised before an answer was filed and why the issue was not addressed in his motion to remand, thus leading to even further delay in deciding this matter.

The Court finds that the Magistrate Judge correctly determined that the vocational expert unambiguously testified that a hypothetical person with the claimant's limitations of occasional contact with supervisors and co-workers, regardless of whether the job involved ongoing teamwork, would be precluded from participating in required training during a probationary period for the jobs identified at the hearing. Thus, there are no facts to be resolved on remand on this issue because the claimant's identified RFC precludes all work based on the testimony of the vocational expert.

The Commissioner's next contention is that, even if the claimant was disabled by his date last insured, whether he has remained disabled since then is unresolved. That is, even if the

claimant established the presence of a disability by June 2010, his date last insured, there has been insufficient factual development as to whether he was under a continuous period of disability from that date through at least November 2017 or twelve months before his application date. The Commissioner labels this as "requirement three" of the evaluation process. The Commissioner is in error.

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits ... physical or mental ability to do basic work activities." **Third**, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted) (emphasis added). Clearly, the "third requirement" states that a claimant will be deemed presumptively disabled and eligible for benefits if his impairment meets or medically equals one of the listings in the Listing of Impairments. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The present case does not involve the Listing of Impairments. However, the Commissioner may be referring to 20 C.F.R. § 404.320(b).

Section 404.320(b) requires the claimant to show that, as of June 2010, he had a disability that had lasted or was expected to last at least twelve months. This section states in part that:

You are entitled to a period of disability if you meet all the following conditions:

(1) You have or had a disability as defined in § 404.1505.

9

> (2) You are insured for disability, as defined in § 404.130 in the calendar quarter in which you became disabled, or in a later calendar quarter in which you were disabled.
> (3) You file an application while disabled, or no later than 12 months after the month in which your period of disability ended. If you were unable to apply within the 12–month period after your period of disability ended because of a physical or mental condition as described in § 404.322, you may apply not more than 36 months after the month your disability ended.

Reliance on this section is not helpful to the Commissioner's argument given that the claimant filed his application while disabled and there is nothing in the record to show that his disability has ended.

The Court agrees with the Magistrate Judge that all factual findings have been resolved in favor of the claimant and that he is entitled to benefits. Also militating in favor of an award of benefits are equitable considerations that arise from the Commissioner's delay in this matter. The Court in *Alzamora v. Comm'r of Soc. Sec.*, 2019 WL 3044032 (M.D. Fla. Apr. 26, 2019), report and recommendation adopted, 2019 WL 3037789 (M.D. Fla. July 11, 2019), explained this issue as follow.

> In Social Security cases, the proper remedy for errors committed during the administrative process is a remand for further proceedings. However, the Commissioner does not enjoy "endless opportunities to get it right." *See Goodrich v. Comm'r of Soc. Sec.*, 2012 WL 750291, at *14 (M.D. Fla. Feb. 7, 2012) (quoting *Seavey v. Barnhart*, 276 F.3d 1, 13 (1st Cir. 2001)); *Ray v. Astrue*, 2009 WL 799448, at *9 (M.D. Fla. Mar. 24, 2009). It is extremely rare for the Court to remand a Social Security case solely for an award of benefits[,] but it may do so when some combination of the following factors is presented. Where there have been repeated remands; the Commissioner has failed to follow the court's remand instructions; the Commissioner has been unable to carry her burden of proof; or the delay has been extraordinary delay. *See Goodrich*, 2012 WL 750291, at *13 (citing 2 Barbara Samuels, *Social Security Disability Claims: Practice and Procedure* § 19:59 (2d ed 2008)). **Any one of these equitable considerations, by itself, provides sufficient basis for a remand for benefits.**

2019 WL 3044032, at *7 (emphasis added) (some citations omitted).

In the present case, there have been repeated remands to correct errors in the record, and, yet, the Commissioner seeks a third remand after multiple hearings without any assurance that the perceived "errors" will be corrected. While "equitable considerations" by themselves might not necessitate a reversal of the Commissioner's decision, they lend support to the decision to affirm the Magistrate Judge.

Substantial evidence does not support the decision of the ALJ in denying the claimant's application for disability benefits. Therefore, the decision must be reversed. Having determined that the decision must be reversed, the Court must decide whether it is appropriate to remand this case or to direct the payment of benefits. Because the record establishes that the claimant is entitled to benefits and that all essential facts have been resolved, including adopting the date last insured as the claimant's onset date, the Court **ADOPTS** the Report and Recommendation, **REVERSES** the Commissioner's decision, and **REMANDS** the case for an award of benefits pursuant to Sentence Four of 42 U.S.C. § 405(g). The Clerk of the Court is **DIRECTED** to enter judgment in accordance with this order.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 31, 2025